**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. LOUISE COOKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-1333-M |
| | ) |
| 1. ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY, A Foreign For Profit Insurance Corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### A.  Parties

1. Plaintiff, Louise Cooke, is a citizen of the State of Oklahoma.

2. Defendant, Allstate Vehicle & Property Insurance Company, is a foreign for profit insurance corporation incorporated and organized under the laws of the State of Illinois.

3. The principal place of business for Defendant, Allstate Vehicle & Property Insurance Company, is within the State of Illinois

4. The Defendant, Allstate Vehicle & Property Insurance Company, is licensed to conduct business in the State of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

5. This action is not related to any other case filed in this court.

## B. Jurisdiction

6. The court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 as there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. Facts

7. At all times material hereto, the Plaintiff, Louise Cooke, owned a home located at 4510 Derby Drive, in Norman, Oklahoma.

8. On or about May 8, 2015, Plaintiff's home was damaged as the result of a severe hail storm.

9. At all times material hereto, the Plaintiff, Louise Cooke, was insured under the terms and conditions of a homeowners insurance policy, policy No. 00985918977, issued by the Defendant, Allstate Vehicle & Property Insurance Company.

10. At all times material hereto, Plaintiff, Louise Cooke, complied with the terms and conditions of her insurance policy.

11. The Plaintiff's wind and hail damages are covered perils not otherwise excluded pursuant to the terms and conditions of the policy issued by the Defendant, Allstate Vehicle & Property Insurance Company.

## D. Count I Breach of Contract

12. Plaintiff, Louise Cooke, hereby asserts, alleges and incorporates

paragraphs 1-11 herein.

13. The property insurance policy No. 00985918977, issued by the Defendant, Allstate Vehicle & Property Insurance Company was in effect on May 8, 2015.

14. The acts and omissions of the Defendant, Allstate Vehicle & Property Insurance Company, in the investigation, evaluation and denial of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought.

15. Defendant's breach of contract includes, but is not limited to, the failure to pay for covered damage to the Plaintiffs' home including fractures to Plaintiff's concrete tile roofing system. Defendant failed to conduct a reasonable investigation into the numerous hail related fractures to the Plaintiff's concrete tile shingles and instead concluded, without any reasonable investigation, that these damages were not hail related and thus not covered. Defendant did not investigate and determine how many of the fractures to Plaintiff's shingles were fresh breaks related to the storm and did not conduct any investigation as to the cause and origin of the fresh corner fractures on Plaintiff's roof. Defendant unreasonably failed to investigate the history of prior damage and repairs. Defendant unreasonably ignored and/or failed to consider the obviously fresh hail damage despite the fact that Plaintiff's home had sustained severe hail damage as a result of the May 8th,

paragraphs 1-11 herein.

13. The property insurance policy No. 00985918977, issued by the Defendant, Allstate Vehicle & Property Insurance Company was in effect on May 8, 2015.

14. The acts and omissions of the Defendant, Allstate Vehicle & Property Insurance Company, in the investigation, evaluation and denial of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought.

15. Defendant's breach of contract includes, but is not limited to, the failure to pay for covered damage to the Plaintiffs' home including fractures to Plaintiff's concrete tile roofing system. Defendant failed to conduct a reasonable investigation into the numerous hail related fractures to the Plaintiff's concrete tile shingles and instead concluded, without any reasonable investigation, that these damages were not hail related and thus not covered. Defendant did not investigate and determine how many of the fractures to Plaintiff's shingles were fresh breaks related to the storm and did not conduct any investigation as to the cause and origin of the fresh corner fractures on Plaintiff's roof. Defendant unreasonably failed to investigate the history of prior damage and repairs. Defendant unreasonably ignored and/or failed to consider the obviously fresh hail damage despite the fact that Plaintiff's home had sustained severe hail damage as a result of the May 8th,

2015 storm. Defendant instead ignored obvious fractures on Plaintiff's concrete tile roof and concluded, without any reasonable investigation, that they were not caused by hail, even though Plaintiff's home had sustained severe hail damage and had numerous fresh breaks on the concrete tile roofing system.

16. Defendant's assigned adjuster unreasonably took the position to Plaintiff's contractor that Allstate was never going to pay for the numerous and obvious hail fractures to Plaintiff's roofing tiles. Defendant's assigned adjuster stated that two of Allstate's claims managers had already made the decision to deny these covered damages as they intended to set a precedent and reduce the severity of claim payments resulting from the May storms in Oklahoma. Plaintiff then retained the services of a licensed public insurance adjuster to assist in the resolution and adjustment of the claim. Defendant Allstate's claim representative unreasonably took the position to Plaintiff's public adjuster that he shouldn't bother trying to get the claim properly adjusted as Allstate was never going to pay to replace Plaintiff's damaged roof and was not going to further investigate or inspect Plaintiffs roof. Defendant made these assertions and denied the Plaintiff's claim without conducting a reasonable investigation into the cause and origin of the fractures to Plaintiff's tile roofing system. Defendant unreasonably failed to investigate and document the frequency, severity, and freshness of the corner fractures to Plaintiff's concrete shingles and failed to conduct any investigation as to what caused them.

## E. Count II Bad Faith

17. Plaintiff, Louise Cooke, hereby asserts, alleges and incorporates paragraphs 1-16 herein.

18. The above mentioned acts and omissions of the Defendant, Allstate Vehicle & Property Insurance Company, in the investigation, evaluation, and denial of Plaintiff's claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought.

19. Defendant's unreasonable, bad faith conduct includes, but is not limited to, the failure to pay for covered damage to the Plaintiffs' home including fractures to Plaintiff's concrete tile roofing system. Defendant failed to conduct a reasonable investigation into the numerous hail related fractures to the Plaintiff's concrete tile shingles and instead concluded, without any reasonable investigation, that these damages were not hail related and thus not covered. Defendant did not investigate and determine how many of the fractures to Plaintiff's shingles were fresh breaks related to the storm and did not conduct any investigation as to the cause and origin of the fresh corner fractures on Plaintiff's roof. Defendant unreasonably failed to investigate the history of prior damage and repairs. Defendant unreasonably ignored and/or failed to consider the obviously fresh hail damage despite the fact that Plaintiff's home had sustained severe hail damage as a result of the May 8th, 2015 storm. Defendant instead ignored obvious fractures on Plaintiff's concrete

tile roof and concluded, without any reasonable investigation, that they were not caused by hail, even though Plaintiff's home had sustained severe hail damage and had numerous fresh breaks on the concrete tile roofing system.

20. Defendant's assigned adjuster unreasonably took the position to Plaintiff's contractor that Allstate was never going to pay for the numerous and obvious hail fractures to Plaintiff's roofing tiles. Defendant's assigned adjuster stated that two of Allstate's claims managers had already made the decision to deny these covered damages as they intended to set a precedent and reduce the severity of claim payments resulting from the May storms in Oklahoma. Plaintiff then retained the services of a licensed public insurance adjuster to assist in the resolution and adjustment of the claim. Defendant Allstate's claim representative unreasonably took the position to Plaintiff's public adjuster that he shouldn't bother trying to get the claim properly adjusted as Allstate was never going to pay to replace Plaintiff's damaged roof and was not going to further investigate or inspect Plaintiffs roof. Defendant made these assertions and denied the Plaintiff's claim without conducting a reasonable investigation into the cause and origin of the fractures to Plaintiff's tile roofing system. Defendant unreasonably failed to investigate and document the frequency, severity, and freshness of the corner fractures to Plaintiff's concrete shingles and failed to conduct any investigation as to what caused them.

### F. Count III Punitive Damages

21. Plaintiff, Louise Cooke, hereby asserts, alleges and incorporates paragraphs 1-20 herein.

22. The unreasonable conduct of the Defendant, Allstate Vehicle & Property Insurance Company, in the handling of Plaintiff's claim was intentional, willful, wanton, and was committed with a reckless disregard for the rights of the Plaintiff for which punitive damages are hereby being sought.

### G. Demand for Jury Trial

23. The Plaintiff, Louise Cooke, hereby requests that the matters set forth herein be determined by a jury of her peers.

### H. Prayer

24. Having properly plead, Plaintiff, Louise Cooke, hereby seeks contractual, bad faith and punitive damages against the Defendant, Allstate Vehicle & Property Insurance Company, all in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 013167
McGrew, McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEYS FOR THE PLAINTIFF**